LAW LIBRARY

FILED
SUPERIOR COURT
OF GUAM

2013 NOV -5 PM 4: 45

CLERK OF COURT

BY:

IN THE SUPERIOR COURT OF GUAM

HEATHER ANN ISELIN,

    Plaintiff,

vs.

DUSTIN SHAWN GENSMAN,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

DOMESTIC CASE NO. DM0136-12

FINDINGS OF FACT AND
CONCLUSIONS OF LAW
(Bench Trial)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on June 25, 2013, for a bench trial relative to Dustin Shawn Gensman's ("Defendant") Motion to Modify Child Custody. Defendant was present and represented by Attorney Daniel Somerfleck. Heather Ann Iselin ("Plaintiff") was present and represented by Attorney Leevin T. Camacho. Upon review of the evidence, oral and written arguments, and legal authorities presented by the parties, the Court hereby issues its Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

By preponderance of the evidence, the Court makes the following findings of fact:

The parties entered into a Divorce and Property Settlement Agreement in February 2012, which included a detailed provision for custody. Divorce and Property Settlement Agreement (March 1, 2012) ("Settlement Agreement"). The parties agreed that, while on Guam, Plaintiff would have primary physical custody. Defendant would have custody over the children every other weekend, with custody alternating on major holidays and school breaks. Id. at 2. The

ORIGINAL



parties also agreed that Defendant would have thirty (30) days of visitation with the children during their summer vacation. Id. at 3.

At the time of their divorce, the parties contemplated leaving Guam. In the Settlement Agreement, the parties agreed that if they lived more than one hundred (100) miles from each other, Defendant would have two (2) months of visitation with the children each summer. The parties also agreed that Defendant would have visitation with the children on either Christmas or Easter breaks. Id.

At trial, evidence was offered that in October 2004, the parties' youngest child, Maelyn Nicole Gensman, drowned when Defendant left her unattended in the bathtub. Defendant testified that the baby had a "breathing issue" where she would cry so hard she would lose consciousness. Even with this knowledge, Defendant left his eight (8) month old crying in the bathtub to get a towel in another room.

Plaintiff testified she did not trust Defendant's ability to ensure the children's safety. In one incident that occurred in May 2013, Defendant and the parties' son were playing with a pair of root cutters at Ross. While the two struggled to gain control over the root cutters, the root cutter hit Michael (parties' son) in the face above his left eye causing a gash and bleeding. Defendant did not seek medical attention, instead choosing to tend to the wound himself. When Plaintiff took Michael to the emergency room after her custodial period began, the doctor referred the matter to a social worker for further investigation.

The testimony at trial also established that Defendant was involved in an extra-marital affair. On one occasion in 2012, Plaintiff came home early from work to find Defendant and his mistress in the parties' room naked from the waist down changing the bed sheets. Plaintiff later

found out that Defendant and his mistress had been having sex while her children were sleeping across the hall.

Defendant married his mistress approximately three (3) weeks after the entry of divorce.

Defendant filed the instant motion to modify approximately seven (7) months later based on allegations that his children were missing homework assignments and that his son was not talking his ADHD medication as prescribed. A review of the children's October 5, 2012 progress report showed that the children each missed a total of four (4) assignments for the three month period. Defendant's Exhibit 6 and 7.

A review of the children's report cards also showed no significant change in classroom performance. Plaintiff's Exhibit C and D. In fact, the parties' son actually demonstrated an improvement in grades after Plaintiff was awarded primary physical custody over her children. Plaintiff's Exhibit C.

Finally, Defendant testified that he and his new wife plan on leaving Guam after the resolution of this matter. Although he has not been employed for years, Defendant testified that once he relocated he would have a job as a construction worker. Defendant did not know how much his hourly wage would be, or how many hours per week he would work. Defendant testified that he and his new wife would not have their own home, and would instead be staying with his parents until they were able to settle.

Plaintiff testified that she has been gainfully employed for fourteen (14) years. If the motion to modify custody were denied, the children will continue at the schools that they have been attending. She also testified that the children would continue to live within walking distance of their school and friends. Plaintiff testified that she would be able to provide the children with a safe and stable living environment.

## CONCLUSIONS OF LAW

Under Guam law, there is a preference for both joint legal and joint physical custody arrangements. Howerton v. Howerton, 2004 Guam 8 ¶ 14. The preference for either type of joint custody, however, "is always secondary to the best interests of the child." Id. (citing Flores v. Cruz, 1998 Guam 30 ¶ 12). Joint physical custody does not require that each parent have equal time with the child. Lanser v. Lanser, 2003 Guam 14 ¶ 13.

The Court finds that it would be in the children's best interests for Plaintiff to be awarded primary physical custody. Based on the evidence presented at trial, Plaintiff has demonstrated the ability to provide for the children financially and emotionally. She has also established that she has the ability to ensure that the children's educational needs are met.

The Court notes that Defendant has not been employed for approximately three (3) years. Moving the children away from their schools without detailed information about his ability to provide for the children would not be in their best interests. The parties previously agreed on a custody arrangement if the parties ever lived more than 100 miles apart.

The Court hereby **DENIES** Defendant's Motion to Modify Child Custody and custody matters be consistent with the terms already provided in parties' Settlement Agreement specifically as follows:

If the parties reside more than 100 miles from each other, Defendant shall have two months of visitation each summer; the parties will alternate Christmas and Easter breaks. Defendant will have Christmas visitation every even year and Easter visitation every odd year. Defendant will not have visitation under this provision until he has provided the Court and Plaintiff information about where the children will be staying and how he will be able to provide for the children's needs.

If the parties reside within 100 miles of each other, Defendant shall have visitation with the children every other weekend from Friday after school until Sunday at 7:00 p.m., alternating major holidays including Christmas break, Spring break, Thanksgiving, and Federal holidays. The minors will spend Mother's Day and Plaintiff's birthday with Plaintiff regardless of the weekend and the minors will spend Father's Day and Defendant's birthday with Defendant regardless of the weekend. The parties will alternate hosting the children's birthdays. Commencing in 2014, if the parties live within 100 miles of each other, Defendant shall have 30 days of visitation during the summer. If the parties are unable to agree on the exact dates, Defendant's visitation shall be from July 1 through July 30.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court finds in the best interests of the children that Plaintiff be awarded primary physical custody over them. The Motion to Modify Child Custody is **DENIED** the Court hereby ORDERS that the parties abide by the visitation and custody arrangement agreed to by the parties in the Marital Settlement Agreement.

**SO ORDERED** this 5th day of NOVEMBER, 2013.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

NOV 6 2013

Alvimar D. Quitoriano
Deputy Clerk, Superior Court of Guam